IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 09- |
| A-1 MORTGAGE CORPORATION, a corporation; MARIA MAKOZY individually, and GREGORY MAKOZY, individually, | : : : : | |
| Defendants. | : : : | |

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of backwage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the backwages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant A-1 Mortgage Corporation ("A-1") is a Pennsylvania corporation with an office and place of business at 1341 Old Freedom Road, Cranberry Township, Butler County, Pennsylvania 16066, which is within the jurisdiction of this Court. A-1 is a mortgage brokerage firm that is licensed by the Pennsylvania State Department of Banking.

III.

Defendant Maria Makozy is the President, sole corporate officer, and sole shareholder of A-1, and resides at 401 Blackstone Lane, Mars, Butler County, Pennsylvania 16046, which is within the jurisdiction of this Court. Maria Makozy is the sole corporate officer and shareholder of A-1. In that capacity, Maria Makozy had the right to control the compensation policies and practices of A-1. Maria Makozy signed checks issued to A-1 employees. Maria Makozy has acted directly or indirectly in the interest of A-1 in relation to its employees at all times relevant herein.

IV.

Defendant Gregory Makozy, the husband of Maria Makozy, is the manager of A-1, and resides at 401 Blackstone Lane, Mars, Butler County, Pennsylvania 16046, which is within the jurisdiction of this Court. Gregory Makozy has actively supervised and directed employment practices and has acted directly or indirectly in the interest of A-1 in relation to its employees at all times relevant herein. Gregory Makozy is and has been responsible for the day-to-day operations of A-1. Gregory Makozy has at all times pertinent hereto hired and fired employees, and has shared control with Maria Makozy over the compensation policies and practices of A-1.

V.

The business activities of Defendant, A-1, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

VI.

At all times hereinafter mentioned, Defendant A-1 has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; had an annual gross volume sales made or business done of not less than $500,000 per year; and was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

VII.

Defendants Gregory Makozy, Maria Makozy, and A-1 were made aware of their obligations under the Act by circumstances including, but not limited to, two prior investigations conducted by the United States Department of Labor, Wage and Hour Administration into the minimum wage, overtime, and recordkeeping practices of A-1.

VIII.

Defendants Gregory Makozy, Maria Makozy, and A-1 have since October 1, 2005 repeatedly and willfully violated the provisions of Section 6 and 15(a)(2) of the Act by failing to pay certain employees, for their employment in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $5.25 per hour prior to July 24, 2007 and wages at rates not less than $5.85 per hour from July 24, 2007 to May 30, 2008.

IX.

The minimum wage violations by Defendants resulted from but are not limited to the following practices:

  a. Defendants paid certain present and former employees on a commission basis, and only in those work weeks when loans were funded. In many workweeks these employees were paid less than the applicable minimum wage for all hours worked;

  b. Defendants failed to pay certain present and former employee(s) at least minimum wage for all hours worked by not paying certain present and former employee(s) any pay for any hours worked.

X.

Defendants have, since October 1, 2005, repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, for workweeks longer than 40 hours per week without compensating said employees in such workweeks at rates not less than one and one-half times the regular rates at which they were and are employed in that defendants did not pay certain current and former employees one and one half the applicable regular rate when they worked in excess of 40 hours in a work week.

XI.

Defendants have repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of many of their employees of the wages, hours and other conditions of their employment, as prescribed by the regulations issued and found at 29 C.F.R. Part 516, in that, among other things:

    a. In many workweeks employees, at the direction of Defendants, did not accurately record any hours worked over forty in a workweek;

    b. Defendants have, in many workweeks, created records reflecting the regular payment of bi-weekly wages when employees were not paid on a bi-weekly basis.

XII.

Since October 1, 2005 Defendants have repeatedly and willfully violated provisions of the Act as alleged in paragraphs VIII through XI above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

XIII.

As a result of the violations alleged in paragraphs VIII through XI above, amounts are owing for certain present and former employees including the persons specifically named in Schedule A attached to Plaintiff's Complaint.

XIV.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

Plaintiff further demands judgment pursuant to section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants'

5

employees and for liquidated damages equal in amount to the unpaid compensation found due certain present and former employees listed in the attached Schedule A. Additional back wages and liquidated damages may also be owed to certain present and former employees listed in the attached Schedule A for violations continuing after May 30, 2008. Additional back wages and liquidated damages also may be owed to certain present and former employees presently unknown to Plaintiff for the period covered by this Complaint.

FURTHER, Plaintiff prays that this Honorable Court award costs in her favor.

Respectfully submitted,

| | |
|---|---|
| Carol A. DeDeo | |
| Deputy Solicitor for National Operations | United States Attorney |
| | |
| Catherine Oliver Murphy | BY:    /s/ Albert W. Schollaert |
| Regional Solicitor | Albert W. Schollaert |
| | Assistant United States Attorney |
| BY:    /s/ Jordana L. Greenwald | Pennsylvania State Bar # 23629 |
| Jordana L. Greenwald | U. S. Post Office & Courthouse |
| Attorney | 700 Grant Street, Suite 4000 |
| Pennsylvania State Bar # 93836 | Pittsburgh, PA 15219-1955 |
| Office of the Solicitor | |
| Suite 630E, The Curtis Center | |
| 170 S. Independence Mall West | |
| Philadelphia, PA 19106-3306 | |
| (215) 861-5129 | |
| (215) 861-5162 (fax) | |
| | |
| U.S. DEPARTMENT OF LABOR | Attorneys for Plaintiff |