IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR ) ) ) ) Plaintiff, ) ) v. ) ) GREGORY MAKOZY, ) ) Defendant. ) | Civil Action No. 09-1265 |

## MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

Pending before the court is a motion for reconsideration (ECF No. 80) filed by plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary" or "plaintiff") on October 21, 2011 requesting that the court reconsider its September 28, 2011 order (ECF No. 79) closing the above-captioned case. The court ordered the statistical closing of the case upon the filing of a suggestion of bankruptcy by defendant Gregory Makozy ("Makozy" or "defendant").

The Secretary filed this action to enjoin Makozy from violating various provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and for a judgment against Makozy for alleged unpaid back wages due to his former employees. (Compl. (ECF No. 1) at 1-6.) Plaintiff argues in support of her motion for reconsideration that the court's application of the bankruptcy automatic stay to this action was erroneous, because this case falls within the police and regulatory power exception to the automatic stay.[1]

---

[1] Section 362(b)(4) of the Bankruptcy Code, 11 U.S.C. § 362(b)(4), provides an exception to the bankruptcy automatic stay for actions by a governmental unit to enforce its police or regulatory power:

1

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e)[2] must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994) (internal quotation omitted). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993) aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995).

The Secretary's motion falls under the third ground. Because the court closed this case without eliciting argument or briefing from the parties, the Secretary's motion does not impermissibly seek to relitigate a point of disagreement or to advance an argument she neglected

---

> [The automatic stay does not apply to] commencement or continuation of an action or proceeding by a governmental unite . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organizations's police or regulatory power.

Id.

[2] Although the Secretary did not explicitly state the civil rule under which she was filing this motion, the court will construe it as one filed under Rule 59(e).

to advance before judgment. Instead, she asserts a new argument, not presented to the court before the entry of judgment.

The Secretary is correct that cases filed by the Department of Labor to enforce the wage and hour regulations of the FLSA fall within the regulatory and police powers exception. E.g., Solis v. SCA Restaurant Corp., 463 B.R. 248 (E.D.N.Y. 2011) (holding that the Secretary's action to enjoin violations of the FLSA, as well as to obtain a money judgment for liquidated damages in the amount of unpaid overtime, fell within the regulatory and police powers exception to the automatic stay, whether the court applied the public policy test, the pecuniary interest test, or the pecuniary advantage test); see Chao v. BDK Indus., L.L.C., 296 B.R. 165, 169 (C.D. Ill. 2003); see also In re Nortel Networks, Inc., 669 F.3d 128, 141 (3d Cir. 2011) ("According to the legislative history, § 362(b)(4) 'excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.'" (quoting S.Rep. No. 95-989 at 49 (1978))).

Makozy argues that this case is similar to Ohio v. Kovacs, 469 U.S. 274 (1985). There, the Supreme Court held that an attempt by the State of Ohio to enforce a state court injunction (which required the defendants to clean up a hazardous waste disposal site) by appointing a receiver to take possession of the defendant's property and other assets was a "debt," properly dischargeable in bankruptcy. The issues presented in this case are substantially different from those presented in Kovacs. There, the court was required to determine the applicability of § 101(4) of the Bankruptcy Code, 11 U.S.C. § 101(4), which defines a "claim." Kovacs, 469 U.S.

at 707.  A "debt" subject to discharge in bankruptcy is a liability on a "claim."  11 U.S.C. § 101(12).  Here, the court is determining the applicability of the automatic stay, and exceptions thereto, to claims which are, once reduced to judgment, indisputably debts within the Bankruptcy Code.  The issue of the applicability of the automatic stay was not before the Court in Kovacs. 469 U.S. at 276 n.2 (noting that the issue of the violation of the automatic stay had previously been remanded to the Court of Appeals for the Sixth Circuit, who had at that time not yet taken action on the issue).   The Court explicitly provided that "[t]he automatic stay provision does not apply to suits to enforce the regulatory statutes of the State, but the enforcement of such a judgment by seeking money from the bankrupt—what the Court of Appeals for the Sixth Circuit concluded was involved in this case—is another matter."  Id. at 285 n.11.  Kovacs is therefore inapplicable to the situation presently before this court.  The Secretary is not seeking the *enforcement* of a judgment, but the entry of judgment against defendant.  The Secretary concedes that the enforcement of a judgment in this court would impermissibly violate the automatic stay, and further concedes that if she were to obtain judgment here, she would be required to enforce it in the bankruptcy court.

     The Secretary's position is consistent with the legislative history of the police and regulatory exception, which clearly states that "the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment."  S.Rep. No. 95-989 at 49 (1978).  "Since the assets of the debtor are in the possession and control of the Bankruptcy Court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors."  Id.

     Defendant concedes that the court has jurisdiction to determine the applicability of the

stay, but argues that the court should refrain from exercising that jurisdiction in deference to the bankruptcy court's jurisdiction over the matter. Defendant relies on In re Baldwin-United Corporation Litigation, 765 F.2d 343, 347 (2d Cir. 1985). In that case, the district court in New York had enjoined a third-party defendant (which was also a chapter 11 debtor in bankruptcy proceedings in Ohio) from applying to the bankruptcy court for any relief against any of the New York third-party plaintiffs. The court of appeals concluded that the injunction was an improper use of the district court's equitable authority because it interfered with the bankruptcy court's own equitable powers. Id. at 347-48. The court of appeals reasoned that the district court injunction would impermissibly prohibit the bankruptcy court from invoking its broad authority under § 105 of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Id. at 348 (citing 11 U.S.C. § 105).

Contrary to defendant's argument, it is appropriate for nonbankruptcy courts to determine the applicability of the automatic stay to proceedings before them. Brock v. Morysville Body Works, Inc., 829 F.2d 383, 385-87 (3d Cir. 1987) ("'[w]hether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending . . . and the bankruptcy court supervising the reorganization.'" (quoting Baldwin-United, 765 F.2d at 347)). In Brock, the Court of Appeals for the Third Circuit held that deference to the bankruptcy forum's determination would "only occasion delay," id. at 386, and that the nonbankruptcy forum "share[s] concurrent jurisdiction with the bankruptcy court over [the applicability of the automatic stay] and should decide [that issue], id. at 384. See also United States v. Nicolet, Inc., 857 F.2d 202, 204 (3d Cir. 1988) (reviewing a district court's ruling that the automatic stay did

not apply to environmental cleanup proceedings before the district court, without commenting on the propriety or permissibility of the district court ruling upon the issue or deferring to the bankruptcy court, and noting that "this precise issue could have come to us as the result of a bankruptcy judge's order, had the United States applied in that forum for a lifting of the automatic stay").

Here, the court is not issuing an injunction similar to the one in Baldwin-United, has not limited the bankruptcy court from exercising its broad equitable authority, and does not prevent defendant from seeking appropriate equitable relief in the bankruptcy forum. See Brock, 829 F.2d at 386-87 (noting that the bankruptcy court has the authority to stay nonbankruptcy proceedings under § 105(a), even where the nonbankruptcy court has previously determined that the proceedings are excepted from the automatic stay, when the bankruptcy court determines based on the particular equities in the case that allowing the proceedings to continue would inequitably damage the bankruptcy estate). Furthermore, the law of this circuit establishes that it is appropriate for the district court to determine that applicability of the automatic stay to proceedings before it.

Because this case clearly falls within the regulatory and police powers exception, it was clear error of law for the court to close this case by application of the automatic stay. The court will, therefore, grant the motion for reconsideration. The case will be reopened, but if judgment is obtained in favor of plaintiff, all enforcement proceedings will be transferred to the appropriate bankruptcy forum.

**ORDER**

**AND NOW**, this 27th day of April 2012, upon consideration of parties' filings and upon

review of this court's order for statistical closing (ECF No. 79) dated September 28, 2011, for the reasons set forth above,

    **IT IS HEREBY ORDERED** that the motion for reconsideration is **GRANTED**.

    **IT IS FURTHER ORDERED** that the above-captioned case shall be reopened for the limited purposes of determining whether judgment should be entered against defendant Gregory Makozy.

    **IT IS FURTHER ORDERED** that, if judgment is entered against defendant Gregory Makozy in this case, it will only be permitted to be enforced in the appropriate bankruptcy forum.

    By the court,

    /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge